## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

_____
                                                        :
Gail Dwyer,                                           :
                                                        :     Case No.
            Plaintiff,                                :
                                                        :
      v.                                              :
                                                        :
GC Services, LP,                                   :
                                                        :
            Defendant.                             :
_____      :

## <u>COMPLAINT</u>

Plaintiff, Gail Dwyer ("Plaintiff"), through her attorneys, Shaevel & Krems, LLP, alleges

the following against Defendant, GC Services, LP ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. 1692, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.      Defendant conducts business in the State of Massachusetts establishing personal

jurisdiction.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5.      Plaintiff is a natural person residing in Marshfield, Plymouth County,

Massachusetts.

6.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

8.      Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      In or around September 2012, Defendant began contacting Plaintiff in an attempt to collect a debt.

11.      Upon information and belief, Defendant is attempting to collect a credit card debt that arises from transactions for personal, family, and household purposes.

12.      In its collection activity, Defendant places telephone calls to Plaintiff at her place of residence, (781) 536-81xx, and on her cellular telephone, (516) 661-46xx.

13.      When Plaintiff is unable to answer Defendant's collection calls, Defendant leaves voicemail messages.

14.      In or around December 2012, Defendant called Plaintiff at her residence and left a voicemail message on her answering machine. *See* transcribed voicemail as Exhibit A hereto.

15.      Plaintiff's outgoing message on her answering machine advises callers that they have reach the Dwyers and instructs them to leave a message for a return phone call.

2

16.     Defendant's message addresses Plaintiff and asks her to "please return my phone call" to (847) 622-2945, a telephone number assigned to Defendant.  *See* Exhibit A.

17.     However, Defendant's message did not identify its business name for Plaintiff. *See* Exhibit A.

18.     Defendant's message also failed to disclose to Plaintiff that it is a debt collector. *See* Exhibit A.

19.     Defendant's message does not provide Plaintiff with any information to ascertain that the nature or purpose of its call is about a debt.  *See* Exhibit A.

20.     Defendant's message is deceptive and misleading by not identifying itself or that it is a debt collector.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21.     Defendant violated the FDCPA based on the following:

a.  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass and annoy Plaintiff.

b.  Defendant violated *§1692d(6)* of the FDCPA by leaving a message(s) that does not meaningfully disclose Defendant's identity.

c.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

d.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

Wherefore, Plaintiff, Gail Dwyer, respectfully requests judgment be entered against Defendant, GC Services, LP for the following:

22.     Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

23.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

24.     Any other relief that this Honorable Court deems appropriate.

Dated:  January 28, 2013                              RESPECTFULLY SUBMITTED,


By:  /s/ David R. Jackowitz
          David R. Jackowitz, B.B.O. No. 567279
          Shaevel & Krems, LLP
          141 Tremont Street
          Boston, MA 02111
          Telephone: (617) 556-0244
          Fax: (617) 556-0284
          djackowitz@shaevelkrems.com
          Attorneys for Plaintiff